**POMERANTZ LLP**
Jordan L. Lurie, State Bar No. 130013
j*llurie@pomlaw.com*
Ari Y. Basser, State Bar No. 272618
*abasser@pomlaw.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492

**LAW OFFICES OF ZEV B. ZYSMAN**
Zev B. Zysman, State Bar No. 176805
*zev@zysmanlawca.com*
A Professional Corporation
15760 Ventura Boulevard, 16th Floor
Encino, CA 91436
Telephone: (818)783-8836

Attorneys for Plaintiff and the Proposed Class(es)

**CARLTON FIELDS, LLP**
Steven B. Weisburd (SBN 171490)
*sweisburd@carltonfields.com*
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone: (310) 843-6300

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DONNA HAAS, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES INC., BERKSHIRE HATHAWAY SPECIALITY INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.: 2:20-cv-06171-ODW-PLA<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

125217621.7

IT IS HEREBY STIPULATED by and between Plaintiff Donna Haas ("Plaintiff") and Defendants Travelex Insurance Services Inc. and Berkshire Hathaway Specialty Insurance Company (hereafter "Travelex," "Berkshire," or "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), by and through their respective counsel of record, that:

## 1. <u>GENERAL</u>

1.1 <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 <u>Good Cause Statement</u>. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, sensitive personal information, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential personal consumer information, confidential business or financial information, information

regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. **DEFINITIONS**

2.1 <u>Action</u>: Action means the above-entitled proceeding, Case No. 2:20-cv-06171-ODW-PLA.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11 <u>Party</u>: for purposes of this Order only, Party shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

4

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL."

5      2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

6  from a Producing Party.

7  **3. <u>SCOPE</u>**

8      The protections conferred by this Stipulation and Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or

10  extracted from Protected Material; (2) all copies, excerpts, summaries, or

11  compilations of Protected Material; and (3) any testimony, conversations, or

12  presentations by Parties or their Counsel that might reveal Protected Material. Any

13  use of Protected Material at trial shall be governed by the orders of the trial judge.

14  This Order does not govern the use of Protected Material at trial.

15  **4. <u>DURATION</u>**

16      Once a case proceeds to trial, all of the court-filed information to be

17  introduced that was previously designated as confidential or maintained pursuant to

18  this protective order becomes public and will be presumptively available to all

19  members of the public, including the press, unless compelling reasons supported by

20  specific factual findings to proceed otherwise are made to the trial judge in advance

21  of the trial. <u>See</u> <u>Kamakana v. City and Cty. of Honolulu</u>, 447 F.3d 1172, 1180-81

22  (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents

23  produced in discovery from "compelling reasons" standard when merits-related

24  documents are part of court record). Accordingly, the terms of this protective order

25  as they relate to court-filed information to be introduced at trial do not extend

26  beyond the commencement of the trial. This Protective Order shall survive and

27  continue to be binding after the conclusion of this Action.

28

1

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

2

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

3 Each Party or Non-Party that designates information or items for protection under

4 this Order must take care to limit any such designation to specific material that

5 qualifies under the appropriate standards.  The Designating Party must designate for

6 protection only those parts of material, documents, items, or oral or written

7 communications that qualify so that other portions of the material, documents,

8 items, or communications for which protection is not warranted are not swept

9 unjustifiably within the ambit of this Order.

10 Mass, indiscriminate, or routinized designations are prohibited. Designations

11 that are shown to be clearly unjustified or that have been made for an improper

12 purpose (e.g., to unnecessarily encumber the case development process or to impose

13 unnecessary expenses and burdens on other parties) may expose the Designating

14 Party to sanctions.

15 If it comes to a Designating Party's attention that information or items that it

16 designated for protection do not qualify for protection, that Designating Party must

17 promptly notify all other Parties that it is withdrawing the inapplicable designation.

18 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

19 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

20 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

21 under this Order must be clearly so designated before the material is disclosed or

22 produced.

23 Designation in conformity with this Order requires:

24 (a) for information in documentary form, that the Producing Party affix, at a

25 minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"),

26 to each page that contains protected material. If only a portion or portions of the

27 material on a page qualifies for protection, the Producing Party also must clearly

28

125217621.7

6

1    identify the protected portion(s) (e.g., by making appropriate markings in the
2    margins).

3        A Party or Non-Party that makes original documents available for inspection
4    need not designate them for protection until after the inspecting Party has indicated
5    which documents it would like copied and produced. During the inspection and
6    before the designation, all of the material made available for inspection shall be
7    deemed "CONFIDENTIAL." After the inspecting Party has identified the
8    documents it wants copied and produced, the Producing Party must determine which
9    documents, or portions thereof, qualify for protection under this Order. Then, before
10   producing the specified documents, the Producing Party must affix the
11   "CONFIDENTIAL legend" to each page that contains Protected Material. If only a
12   portion or portions of the material on a page qualifies for protection, the Producing
13   Party also must clearly identify the protected portion(s) (e.g., by making appropriate
14   markings in the margins).

15       (b) for answers or responses to written discovery, that the Designating Party
16   insert the word "CONFIDENTIAL" in brackets at the beginning of the specific
17   answer or response.

18       (c) for testimony given in depositions that the Designating Party either:
19   identify the Disclosure or Discovery Material on the record, before the close of the
20   deposition; or designate the portion of the transcript (including exhibits) that
21   contains confidential material within thirty (30) days after receipt of the transcript
22   by notifying all Parties in writing of the page and line numbers which have been
23   designated as 'CONFIDENTIAL."  In the absence of an agreement on the record or
24   in writing, or an order of the Court to the contrary, all deposition testimony shall be
25   deemed "CONFIDENTIAL" until the expiration of the aforementioned thirty (30)
26   days.

27

28

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*., except that the requirement to meet in person is waived, and the Parties may confer telephonically. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

1   entitled under the Producing Party's designation until the Court rules on the

2   challenge. Nothing herein shall bar a Party from seeking expedited and/or

3   emergency relief under Section 6 for good cause shown and in compliance with this

4   Court's Local Rules and Standing Order.

5   **7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

6   7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

7   disclosed or produced by another Party or by a Non-Party in connection with this

8   Action only for prosecuting, defending, or attempting to settle this Action. Such

9   Protected Material may be disclosed only to the categories of persons and under the

10   conditions described in this Order. When the Action has been terminated, a

11   Receiving Party must comply with the provisions of section 13 below (FINAL

12   DISPOSITION).

13   Protected Material must be stored and maintained by a Receiving Party at a

14   location and in a secure manner that ensures that access is limited to the persons

15   authorized under this Order.

16   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

17   ordered by the Court or permitted in writing by the Designating Party, a Receiving

18   Party may disclose any information or item designated "CONFIDENTIAL" only to:

19   (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

20   employees of said Outside Counsel of Record to whom it is reasonably necessary to

21   disclose the information for this Action;

22   (b) the officers, directors, and employees (including House Counsel) of the

23   Receiving Party to whom disclosure is reasonably necessary for this Action;

24   (c) Experts (as defined in this Order) or consultants who are retained by any

25   of the parties or their counsel of record to assist counsel in the Action, and any

26   employee of such an expert or consultant assisting in the Action, provided that

27

28

1  Experts or consultants have signed the "Acknowledgment and Agreement to Be
2  Bound" (Exhibit A) attached hereto;

3   (d) the Court and its personnel;

4   (e) court reporters and their staff;

5   (f) professional jury or trial consultants, mock jurors, and Professional
6  Vendors to whom disclosure is reasonably necessary for this Action and who have
7  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8   (g) the author or recipient of a document containing the information or a
9  custodian or other person who otherwise possessed or knew the information;

10   (h) during their depositions, witnesses, and attorneys for witnesses, in the
11  Action to whom disclosure is reasonably necessary, provided: (1) the deposing party
12  requests that the witness sign the form attached as Exhibit A hereto; and (2) they
13  will not be permitted to keep any confidential information unless they sign the
14  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
15  agreed by the Designating Party or ordered by the Court. Pages of transcribed
16  deposition testimony or exhibits to depositions that reveal Protected Material may
17  be separately bound by the court reporter and may not be disclosed to anyone except
18  as permitted under this Stipulated Protective Order;

19   (i) any mediator or settlement officer, and their supporting personnel,
20  mutually agreed upon by any of the parties engaged in settlement discussions; and

21   (j) Party deponents and officers and employees of the parties assisting counsel
22  in the preparation of the case for trial, motion practice or appellate proceedings; and,

23   (k) other persons, only upon order of the Court or upon stipulation of the
24  Producing Party.

25  ///

26  ///

27  ///

28

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a request, subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly and within ten (10) days of the receipt of such request, subpoena, or court order, notify in writing the Designating Party. Such notification shall include a copy of the request, subpoena or court order;

(b) promptly and within ten (10) days of the receipt of such request, subpoena, or court order, notify in writing the party who caused the request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information

1  produced by Non-Parties in connection with this litigation is protected by the

2  remedies and relief provided by this Order. Nothing in these provisions should be

3  construed as prohibiting a Non-Party from seeking additional protections.

4      (b) In the event that a Party is required, by a valid discovery request, to

5  produce a Non-Party's confidential information in its possession, and the Party is

6  subject to an agreement with the Non-Party not to produce the Non-Party's

7  confidential information, then the Party shall:

8      (1) promptly notify in writing the Requesting Party and the Non-Party

9  that some or all of the information requested is subject to a confidentiality

10  agreement with a Non-Party;

11      (2) promptly provide the Non-Party with a copy of the Stipulated

12  Protective Order in this Action, the relevant discovery request(s), and a reasonably

13  specific description of the information requested; and

14      (3) make the information requested available for inspection by the Non-

15  Party, if requested.

16      (c) If the Non-Party fails to seek a protective order from this Court within 14

17  days of receiving the notice and accompanying information, the Receiving Party

18  may produce the Non-Party's confidential information responsive to the discovery

19  request. If the Non-Party timely seeks a protective order, the Receiving Party shall

20  not produce any information in its possession or control that is subject to the

21  confidentiality agreement with the Non-Party before a determination by the Court.

22  Absent a court order to the contrary, the Non-Party shall bear the burden and

23  expense of seeking protection in this Court of its Protected Material.

24  **10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

25      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26  Protected Material to any person or in any circumstance not authorized under this

27  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

28

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and shall also be governed by Federal Rule of Evidence 502 and this Order.

If, in connection with the Action, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection, or other applicable privilege or immunity (collectively, "Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a general or specific waiver or forfeiture of any claim of privilege, immunity, or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter in this or any other federal or state proceeding.

If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

Within twenty-one days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written

1  agreement of the Parties or order of the Court, the Producing Party shall produce a

2  privilege log with respect to the Inadvertently Disclosed Information.

3    The Producing Party retains the burden of establishing the privileged or

4  protected nature of any Inadvertently Disclosed Information.

5    **12. <u>MISCELLANEOUS</u>**

6    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

9  Protective Order, no Party waives any right it otherwise would have to object to

10  disclosing or producing any information or item on any ground not addressed in this

11  Stipulated Protective Order. Similarly, no Party waives any right to object on any

12  ground to use in evidence of any of the material covered by this Protective Order.

13    12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any

14  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

15  only be filed under seal pursuant to a court order authorizing the sealing of the

16  specific Protected Material at issue; good cause must be shown in the request to file

17  under seal. If a Party's request to file Protected Material under seal is denied by the

18  Court, then the Receiving Party may file the information in the public record unless

19  otherwise instructed by the Court.

20    **13. <u>FINAL DISPOSITION</u>**

21    Within 60 days after the final disposition of this Action, each Receiving Party

22  must return all Protected Material to the Producing Party or destroy such material.

23  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

24  compilations, summaries, and any other format reproducing or capturing any of the

25  Protected Material. Whether the Protected Material is returned or destroyed, the

26  Receiving Party must submit a written certification to the Producing Party (and, if

27  not the same person or entity, to the Designating Party) by the 60 day deadline that

28

1   (1) identifies (by category, where appropriate) all the Protected Material that was

2   returned or destroyed, and (2) affirms that the Receiving Party has not retained any

3   copies, abstracts, compilations, summaries or any other format reproducing or

4   capturing any of the Protected Material. Notwithstanding this provision, counsel are

5   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

6   and hearing transcripts, legal memoranda, correspondence, deposition and trial

7   exhibits, expert reports, attorney work product, and consultant and expert work

8   product, even if such materials contain Protected Material, provided, however, that

9   they treat such Protected Material as confidential as set forth under this Protective

10  Order.

11       **14. <u>VIOLATION OF ORDER</u>**

12       Any violation of this Order may be punished by any and all appropriate

13  /

14  /

15  /

16  /

17  /

18  /

19  /

20  /

21  /

22  /

23  /

24  /

25  /

26  /

27  /

28

1  measures including, without limitation, contempt proceedings and/or monetary

2  sanctions.

3      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

4  Dated: April 6, 2021           Respectfully submitted,

5                               **POMERANTZ LLP**

6                               **LAW OFFICES OF ZEV B. ZYSMAN**

7                       By:             /s/ Ari Y. Basser

8                                 Jordan L. Lurie

9                                 Ari Y. Basser
                               Zev B. Zysman

10                       Attorneys for Plaintiff and the Proposed

11                       Class(es)

12  Dated: April 6, 2021           Respectfully submitted,

13                       **CARLTON FIELDS, LLP**

14

15

16                       By:/s/ Steven B. Weisburd

17                       Steven B. Weisburd

18                       Attorneys for Defendants

19

20

21

22  **IT IS SO ORDERED.**

23

24    Dated:    April 6, 2021

25                       Hon. Paul L. Abrams
                     United States Magistrate Judge

26

27

28

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HAAS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRAVELEX INSURANCE SERVICES INC., BERKSHIRE HATHAWAY SPECIALITY INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:20-cv-06171-ODW-PLA<br><br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, _____, in connection with the above-caption lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated _____.

My email and street address is

_____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

Within 60 days of the final disposition of this Action, I will destroy or return all materials containing confidential information, copies thereof and notes that I have

prepared relating thereto, to outside counsel of record for the party with whom I am associated or from whom I received information or material designated as "CONFIDENTIAL."

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____          By:_____

1

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)</u>

2

I, ARI Y. BASSER, am the ECF User whose identification and password are

3

being used to file this document.  In compliance with Civil Local Rule 5-4.3.4(a)(2)(i),

4

I hereby attest that all signatories have concurred in this filing.

5

6

By:  */s/ Ari Y. Basser*

Ari Y. Basser

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER