UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Damon Berry | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendants' motion to exclude the opinions of Plaintiff's expert and GRANTING Defendants' motion for summary judgment.

Before the Court are two motions. Travelex Insurance Services, Inc. and Berkshire Hathaway Specialty Insurance Co. (collectively "Defendants") filed a motion for summary judgment. *See generally* Dkt. # 80 ("*MSJ*"). Class Representative Donna Haas ("Plaintiff") opposed, *see generally* Dkt. # 93 ("*MSJ Opp.*"), and Defendants replied, *see generally* Dkt. # 98. Defendants also filed a motion to strike the opinions of Plaintiff's proposed expert, Jeffrey E. Thomas. *See generally* Dkt. # 99 ("*Daubert Mot.*"). Plaintiff opposed, *see generally* Dkt. # 115 ("*Daubert Opp.*"), and Defendants replied, *see generally* Dkt. # 116.

The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the parties' papers, the Court **GRANTS** Defendants' motion to exclude the opinions of Jeffrey E. Thomas and **GRANTS** Defendants' motion for summary judgment. This order closes the case.

I.  Background

    A.  Factual Background[1]

On February 10, 2020, Plaintiff and her husband purchased a Viking River Cruise to travel between Nuremburg and Budapest, including airfare, departing on May 7, 2020, and

---

[1] The facts as described are undisputed unless otherwise noted, and to the extent the Court relies on objected-to evidence, it relies only on admissible evidence and thus the objections are overruled. *See Godinez v. Alta-Dena Certified Dairy LLC*, CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

returning on May 26, 2020. *See Defendants' Statement of Undisputed Facts*, Dkt. # 81 ("*DSUF*"), ¶ 1.

On the same day Plaintiff booked the trip, she also purchased a travel protection insurance policy, underwritten and marketed by Defendants, for both her and her husband. *See id.* ¶¶ 2 3. The policy is short-term, single pay, single term, and non-renewable. *See id.* ¶ 34. Its benefits and coverage are not offered for sale separately, and the policy does not itemize the insurance premium by type of benefit. *See id.* ¶¶ 3, 39. The premium charged for the policy is based on rating factors that calculate expected losses for each insurance benefit purchased by the insured, including pre-departure benefits, such as trip cancellation, and post-departure benefits, such as baggage delay. *See id.* ¶¶ 35, 47; *see also Travelex Insurance Agreement*, Dkt. # 1, Ex. 1 ("*Insurance Policy*"), 1 (listing the plan pre- and post-departure plan benefits). The policy states that pre-departure coverage "begins" at 12:01am on the date following purchase and post-departure coverage "begin[s]" at either 12:01am on the scheduled departure date or the date and time the insured starts her trip. *See Plaintiff's Statement of Undisputed Facts*, Dkt. # 98-1 ("*PSUF*"), ¶¶ 60 62; *Insurance Plan* 3. And once insurance is purchased, insureds are given a "free look" period where they may receive a full refund of the premium if the policy is cancelled for any reason during the first 15 days after purchase. *See DSUF* ¶ 4. Other than the "free look" period, the policy does not provide for any refund. *See id.* ¶ 4.

After purchasing the policy, Plaintiff received details of the policy and confirmations of coverage, and she did not request a refund of the premium within 15 days of her purchase. *See id.* ¶¶ 5 7, 10. On or around March 20, 2020, Viking River Cruise cancelled Plaintiff's trip and offered her a 125 percent voucher for a future cruise or a full cash refund. *See id.* ¶ 11. Plaintiff received a full refund of the trip cost and requested a full refund of the insurance premium. *See id.* ¶¶ 11 12.

B.     Procedural Background

On July 10, 2020, Plaintiff filed a complaint with the Court asserting five causes of action on behalf of herself and all others similarly situated:

First Cause of Action: Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶¶ 77 107.

Second Cause of Action: Violation of California Consumers Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq.*). *See id.* ¶¶ 108 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

<u>Third Cause of Action</u>: Unjust Enrichment. *See id.* ¶¶ 121 27.

<u>Fourth Cause of Action</u>: Money Had and Received. *See id.* ¶¶ 128 31.

<u>Fifth Cause of Action</u>: Conversion. *See id.* ¶¶ 132 37.

After answering, *see* Dkts. # 20, 27, Defendants moved for judgment on the pleadings on all five claims, *see* Dkt. # 36. The Court granted with leave to amend as to the fifth cause of action, granted without leave to amend as to the second cause of action, and denied the motion as to all other claims. *See Judgment on the Pleadings Order*, Dkt. # 57 ("*JOP Order*"). Plaintiff did not amend the complaint. *See* Dkt. #58.

On April 4, 2022, Plaintiff filed its motion for class certification under Federal Rules of Civil Procedure 23(b)(3), Rule 23(b)(2), and/or Rule 24(c)(4). *See generally* Dkt. # 64. The Court granted in part and denied in part Plaintiff's motion for class certification. *See generally* Dkt. # 108. The Court certified a California class under Rule 23(b)(3), denied as moot Plaintiff's request to certify under Rule 24(c)(4), and denied class certification under Rule 23(b)(2). *See id.* at 15 17.

II.     <u>Legal Standard</u>

   A.     <u>Summary Judgment</u>

"A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.   Discussion

The Court will first address the admissibility of the opinions of Plaintiff's expert, Jeffrey E. Thomas, and then address the merits of the summary judgment motion.

A.   Motion to Exclude the Opinions of Jeffrey E. Thomas

Defendants seek to exclude the opinions and testimony Jeffrey E. Thomas because (1) under Federal Rule of Civil Procedure 26(a), Plaintiff untimely disclosed his report, and (2) Thomas's opinions are inadmissible under Rule 702 and *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579 (1993). *See Daubert Mot.* 1.

The Court agrees with Defendants and finds that exclusion is warranted for both reasons.

i.   *Exclusion for Untimely Disclosure*

Under Federal Rule of Civil Procedure 26(a), parties must disclose experts and provide written reports "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A) (D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing the sanction carries the burden of demonstrating that the failure to comply with rules concerning expert testimony is substantially justified or harmless." *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, No. CV 10-8301 PSG (JCx), 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

Here, exclusion is warranted because Plaintiff untimely, and unjustifiably, disclosed Thomas and his report in violation of the Court's scheduling order. The scheduling order set July 29, 2023, as the rebuttal expert report disclosure deadline. *See* Dkts. # 41, 60. And on August 19, 2022, Plaintiff informed Defendants that they intended to designate Thomas as rebuttal expert. *See* Dkt. # 99, Ex. 1. Plaintiff then disclosed Thomas's report on August 29, 2022, by filing it with their summary judgment opposition brief. *See* Dkt. # 93, Ex. 1. Thomas's report must thus be excluded as Plaintiff has failed to show that the untimely disclosure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff argues that any untimely disclosure was harmless because Defendants were provided with a three-week opportunity to depose Thomas, Defendants were able to address his argument in their summary judgment reply brief, and this Court could modify the discovery schedule to allow further discovery. *See Daubert Opp.* 7 10. Those arguments are unpersuasive and not well-taken. The Court thus excludes Thomas's report as unjustifiably untimely. *See Rodas v. Porsche Cars N. Am., Inc.*, No. CV14-3747 PSG (MRWx), 2016 WL 6033535, at *8 9 (C.D. Cal. Apr. 4, 2016) (excluding an expert report that was untimely disclosed through the filing of an opposition to summary judgment).

      *ii.*    *Exclusion Under Rule 702 and* Daubert

Defendants alternatively argue that Thomas's report should be excluded under Rule 702 and *Daubert* because (1) Thomas is unqualified to make his opinions, (2) his opinions are neither reliable nor relevant, and (3) he impermissibly opines on ultimate legal issues. *See Daubert Mot.* 12 24. The Court agrees that the report impermissibly opines on ultimate legal issues and must also be excluded for that reason.

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702; *see also Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022). As construed by the Supreme Court in *Daubert*, Rule 702 requires district courts to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Elosu*, 26 F.4th at 1024 (quoting *Daubert*, 509 U.S. at 597).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

"As a general rule, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting Fed. R. Evid. 704(a)). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.* (citation omitted); *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (holding that "an expert cannot testify to a matter of law amounting to a legal conclusion").

Thomas's report reads like a legal brief and impermissibly opines on ultimate issues of law. For example, in his report, Thomas states that "[a]n insurer may, and often does, accept the duty to cover a risk before the effective date of a policy, but the risk does not occur until the effective date of the policy." *Rebuttal Expert Report of Jeffrey E. Thomas*, Dkt. # 93, Ex. 1 ("*Thomas Report*"), ¶ 15. He also opines that, "a significant portion of the premium (that portion that was charged for inclusion of those post-departure risks) was unearned by Defendants." *Id.* ¶ 17. And he concludes that "[e]ven though the Policy configuration is different than the Travel Insurance Task Force Example, that does not change the principle that post-departure risk cannot be earned by premiums covering the pre-departure time-period." *Id.* ¶ 26. It is, however, well-settled law that experts may not act as advocates opining on ultimate issues of law. *See Nationwide Transp. Fin.*, 523 F.3d at 1058.

Further, Thomas's opinions on "insurance industry custom and practice" are indistinguishable from his legal conclusions and thus are also improper. *See KB Home v. Illinois Union Ins. Co.*, No. 8:20-cv-00278-JLS-JDE, 2023 WL 3432139, at *3 5 (C.D. Cal. Mar. 28, 2023) (excluding a law professor's opinions on insurance industry custom and practice because they were seemingly indistinguishable from his legal views).

   *iii.* *Conclusion*

For those two independent reasons, the Court **GRANTS** Defendants' motion to exclude Thomas's report and opinions.

  B. <u>Motion for Summary Judgment</u>

All of Plaintiff's causes of action rise and fall on a single theory: before trip departure, no risk for post-departure insurance coverage attaches, and because the trips here were cancelled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

prior to departure, and the risk did not attach, the premiums associated with post-departure coverage were unearned and must be refunded. *See MSJ Opp.* 8; *see also MSJ* 2.

The theory ultimately turns on whether post-departure benefits are severable from the insurance policy. Plaintiff's UCL claim highlights how the theory works. The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *see also Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013). Several related California Insurance Code provisions state that an insured is entitled to a return of her premium if the insurer has not been exposed to any risk of loss, a premium was unearned by the insurer, or the insurer did not incur any liability under the policy. *See* Cal. Ins. Code §§ 481, 481.5, 483. Thus, Plaintiff argues, because Defendants violated the California Insurance Code by failing to return premiums for post-departure benefits that could never be realized, they violated the UCL. *See MSJ Opp.* 17 18. Stated differently, if the insurance policy is severable, and no risk attaches for post-departure benefits prior to departure, then Defendants committed "unlawful," "unfair," or "fraudulent" acts by retaining unearned premiums. *See MSJ Opp.* 17 18, 25. That same theory also applies to Plaintiff's claims for unjust enrichment and money had and received, which both turn on a defendant wrongfully receiving and retaining a benefit. *See CRV Imperial-Worthington, LP v. Gemini Ins. Co.*, 770 F. Supp. 2d 1074, 1078 (S.D. Cal. 2010) (noting that unjust enrichment requires "the receipt of a benefit and the unjust retention of the benefit at the expense of another" (citation omitted)); *see also Franconero v. UMG Recordings Inc.*, No. CV 12-3382 JGB (AGRx), 2014 WL 12886834, at *7 (C.D. Cal. Feb. 13, 2014) (noting that "claims for unjust enrichment and money had and received are identical" (cleaned up) (citation omitted)).

Plaintiff's theory, however, is unsupported here. The admissible evidence and undisputed facts show that the insurance policy is indivisible and the risk for post-departure benefits attaches at the time of purchase.[2] Under California law, "interpretation of an insurance policy is a question of law that is decided under settled rules of contract interpretation." *State of California v. Cont'l Ins. Co.*, 55 Cal. 4th 186, 194 (2012). And although Plaintiff points to policy language that says the post-departure benefits "begin" at a different time than pre-departure benefits, *see* PSUF ¶¶ 60 62, that does not lead to the conclusion that risk attaches only at the time of departure. The policy here is short-term, single pay, single term, and non-renewable. *See* DSUF ¶ 34. Its benefits and coverage are not offered for sale separately, and the plan does not itemize the insurance premium by type of benefit. *See id.* ¶¶ 3, 39. The premium

---

[2] As the Court excludes Thomas's report and opinions, nothing in that report can be relied on for purposes of this summary judgment motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

charged is based on rating factors that calculate expected losses for each insurance benefit purchased by the insured, including pre-departure benefits, such as trip cancellation, and post-departure benefits, such as baggage delay. *See id.* ¶¶ 35, 47. Purchasers are also given a "free look" period under the policy, where they may receive a full refund of the premium if the plan is cancelled for any reason during the first 15 days after purchase other than that, the plan does not provide for any refund. *See id.* ¶ 4.

On those undisputed facts, the Court finds that the pre- and post-departure benefits are intertwined, the policy is indivisible, and the entire risk attaches at the time of purchase. The opinions of Defendants' expert, Julie Hall, a qualified and experienced property-casualty actuary, further support that conclusion. *Declaration of Julie Hall*, Dkt. # 73-2 ("*Hall Decl.*"), 16. In her report, Hall opines that "the insurer is accepting risk for post-departure coverages at the time the policy is purchased," and points to the example of coverage for pre-existing medical conditions. *Id.* She notes that while "[p]ost-departure coverage begins on the day a trip starts . . . . the risk for the pre-existing condition attached prior to the date of departure, since by definition the existence of that risk is set prior to the beginning of the trip." *Id.*

Other courts have come to the same conclusion on similar facts. For example, in *Rivard v. Trip Mate, Inc.*, No. 22-1554, 2023 WL 2624721 (3d Cir. Mar. 24, 2023) (unpublished), the plaintiff's trip was canceled prior to departure due to COVID-19, and because he had purchased trip insurance with pre- and post-departure benefits, he brought an unjust enrichment claim on the theory that part of his premium should have been returned considering no risk for post-departure benefits had attached. *Id.* at *1. The court rejected that argument and held, in part, that the policy was not severable, and the contract was enforceable. *Id.* at *3. The court considered several key facts in making its holding: (1) the plaintiff paid a lump-sum premium for the entire insurance plan, (2) the plan did not apportion the premium among the different parts of the contract, (3) payment was not contingent on completion of individual portions of the contract, (4) the premium was interrelated among the pre- and post-departure parts, "given that the risk of trip cancellation affects the likelihood of post-departure risks and contingencies arising, which in turn affects the prices of the post-departure insurance," and (5) the policy was "take-it-or-leave-it." *Id.* at *3 4.

And in *In re Generali COVID-19 Travel Ins. Litig.*, 576 F. Supp. 3d 36 (S.D.N.Y. 2021) ("*Generali*"), the court rejected the same theory. *Id.* at 49 52. In finding that the policy was not severable and that the entire risk attached at the time of purchase, the court relied on facts similar to those in *Rivard*: (1) the policy provided that after ten days, the policy was non-refundable, (2) the policy noted that it was a "single pay, single term" insurance agreement, (3) plaintiffs paid a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | | Date | June 27, 2023 |
|---|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | | |

single, gross premium, and (4) "the pre- and post-departure risks were interdependent," meaning that "the possibility of trip cancellation affected the likelihood of post-departure risks arising, a possibility that may be priced into the cost of insurance." *Id.* at 52.

Those decisions are highly persuasive here. Like in both *Rivard* and *Generali*, purchasers in this case paid a single, gross premium for a single pay, single term, take-it-or-leave-it insurance policy that provides no strong indicators of divisibility. *See, e.g.*, DSUF ¶¶ 3, 4, 34, 35, 39, 47. And most importantly, the pre- and post-departure components are interrelated and interdependent, as the risk of trip cancellation directly affects the likelihood of post-departure risks arising. *See Rivard*, 2023 WL 2624721, at *1 4; *Generali*, 576 F. Supp. 3d at 49 52. The Court thus finds that the insurance policy here is not severable, and the entire risk attached at the time of purchase. Because of that, all of Plaintiff's claims, which hang on that theory, fail as a matter of law.

Plaintiff's unjust enrichment and money had and received claims also fail for an independent reason. Because the insurance policy is indivisible and constitutes an enforceable written contract, a claim for unjust enrichment or money had and received cannot lie "for events arising out of the subject matter" of the valid contract. *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (citation omitted). What constitutes "subject matter" is not to be viewed too narrowly, and here, it is clear that the subject matter of premium refunds is addressed by the insurance policy, as it provides a "free look" provision allowing the insured to cancel the policy and receive a full premium refund within 15 days of purchase. *See* DSUF ¶ 4. Plaintiff's unjust enrichment and money had and received claims thus fail for that additional reason. *See Saroya v. Univ. of the Pac.*, No. 5:20-cv-03196-EJD, 2021 WL 2400986, at *4 (N.D. Cal. June 11, 2021) (taking a broader view of "subject matter" and rejecting an argument that an unjust enrichment claim was viable because the contract did not address a specific issue); *AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2018 WL 3428525, at *11 (N.D. Cal. July 13, 2018) (finding that to allow a "narrow view" of the rule that an unjust enrichment claim fails where there is a valid express contract covering the same "subject matter" would "essentially permit Plaintiff[] to rewrite a contract to add a nonexistent contract term"); *Rivard*, 2023 WL 2624721, at *3 (holding than an unjust enrichment claim for the return of post-departure premiums was foreclosed because the claim "undoubtedly falls within the [subject matter of the] insurer-insured relationship, even if the contract does not include an express provision with respect to the unearned premiums").[3]

---

[3] To the extent the Court's conclusion in this order conflicts with any of the Court's previous rulings in its *JOP Order*, the Court, in its discretion, departs from those rulings. *See, e.g.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-06171 PSG (PLAx) | Date | June 27, 2023 |
|---|---|---|---|
| Title | Donna Haas v. Travelex Insurance Services Inc. et al | | |

Because Defendants have shown there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law, Defendants' motion for summary judgment is **GRANTED.**

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to exclude the opinions of Jeffrey E. Thomas and **GRANTS** Defendants' motion for summary judgment. This order closes the case.

**IT IS SO ORDERED**.

---

*Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530  32 (9th Cir. 2000).